# Sentencing Memorandum

ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN  
JEREMY SCHNEIDER  
ROBERT A. SOLOWAY  
DAVID STERN  

LUCAS ANDERSON

Tel: (212) 571-5500  
Fax: (212) 571-5507

September 4, 2013

Hon. Sandra L. Townes  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York  11201

    Re:  United States v. Cortez-Granados  
      <u>11 Cr. 657 (SLT)</u>

Dear Judge Townes:

  I am the attorney for Angel Cortez-Granados who will come before you for sentencing on September 20, 2013 on his plea of guilty to sex trafficking in violation of 18 U.S.C. § 1591.  I have reviewed the pre-sentence report of probation officer Lisa A. Langone with my client (the "PSR"), and the Addendum to the PSR of Patricia A. Sullivan.  Other than as specifically set forth herein, there is no objection to the facts contained in the PSR.[1]

 <u>Introduction, Offense Conduct, and Why No Greater Sentence Than the Statutory Minimum Should be Imposed.</u>

  At the time of his arrest in September, 2011, Angel Cortez-Granados was 25 years old.  In Mexico, he had gone to school until he was ten years old, at which point he "stopped attending school ... to obtain a job to help the family financially."  (PSR ¶ 33) He is from Tenancingo, in the State of Tlaxcala.

  A <u>Daily</u> <u>News</u> article reporting on the history of sex trafficking in Tenancingo begins by observing, "In this town that

---

[1] The defense objects to the refusal of the PSR to award the defendant credit pursuant to U.S.S.G. 3E1.1 for acceptance of responsibility, as provided for in the plea agreement between the parties, and the applicable law. (PSR ¶ 19).

Hon. Sandra L. Townes
September 4, 2013
Page Two

sends sex slaves to New York, little boys dream of growing up to be pimps." The article, among other things, reports the defendant's guilty plea in this matter. It quotes Lori Cohen, an attorney with Sanctuary for Families, a group that works with trafficked women, as stating that in Tenancingo, trafficking women is "multi-generational. You have families where the grandfather, father, and son are all engaged in trafficking. They pass down the tricks of the trade." A copy of the newspaper article is annexed for the reference of the Court as Exhibit 1.

The PSR reports that the defendant first "met and began dating Jane Doe # 1" in March 2006. He was then 19 years old, one month shy of his twentieth birthday. She was 21. After a few months living at the family home in Tenancingo, the defendant suggested they re-locate to the United States. They crossed the border with some of the defendant's relatives, including one of the defendant's brothers, and moved to the Bronx. The defendant's sister-in-law then took Jane Doe # 1 with her to work, and she "learned for the first time she was expected to work in prostitution." (PSR ¶ 5).

This is the life into which the defendant was born. It is the life in which he was raised by his mother, father, and older siblings.[2]

As part of the defense preparation and investigation of this matter, my partner, David Stern, and I visited Tenancingo, and environs. We intended, among other things, to visit the defendant's mother and other family members to learn what we could about the case and about the defendant's upbringing and family history. We had been in touch with the family, including the defendant's mother, prior to arriving, and she had agreed to meet with us. When we arrived, however, she could not be found, had stopped answering her phone, and did not respond when we knocked on the family door in Tenancingo. Although we were there to try to help her son with respect to serious criminal charges pending against him in New York, neither she nor any member of the defendant's family was willing to meet with or talk to us. We have not received a letter from her nor from other family members to

---

[2] The affidavit of Special Agent Elvin Hernandez, sworn to June 29, 2011, in support of a warrant to obtain cell phone location information, identifies the defendant's mother as a "suspected member of the Granados Trafficking Organization." (Hernandez Aff'd at p. 7).

Hon. Sandra L. Townes
September 4, 2013
Page Three

submit to the Court on behalf of our client.

These facts are not offered as an excuse, nor an argument that the defendant is the victim in this matter. They are offered to establish what the defendant was taught as a child by the people who raised and cared for him. And contrary to the position of the PSR, while the defendant was raised in a family and community in which sex trafficking was prevalent, and personally took part in the commission of the indicted crimes, he has pleaded guilty and admitted his crimes, and he acknowledges their gravity. He accepts responsibility for his conduct, and is committed to changing his life.

It is expected he will submit a letter to the Court detailing his repentance and other thoughts prior to the date of sentence.

The Sentencing Guidelines are Advisory and Under All the Circumstances, the Just and Reasonable Sentence is the Statutory Minimum.

The defendant has committed very serious crimes. But the severe mandatory minimum sentence for the offense is a reflection of that seriousness, as is the 151 to 168 month estimated sentencing guidelines range set forth in the parties' plea agreement. (Plea Agmt at ¶ 2). The defendant in this matter has no prior criminal history. He was arrested when he was 25 years of age. He has incurred no disciplinary violations during the two years he has been detained at the Metropolitan Detention Center. (PSR at ¶ 37).[3]

Pursuant to specific statutory direction, the federal courts, must impose sentences which are sufficient but "not greater than necessary" to achieve the federal statutory sentencing purposes of just punishment, deterrence, incapacitation, and rehabilitation.

---

[3] Clearly, the obstruction conduct detailed in the PSR is serious as well. This conduct, however, is accounted for in the plea agreement and in the estimated sentencing guideline range. (See Plea Agreement at ¶ 2). Moreover, Pamela Chen, the Assistant United States Attorney handling this matter at the time of the plea, agreed that if the telephone contact with Jane Doe # 2 which forms the factual basis for the obstruction ceased, the government would agree such conduct should not disqualify the defendant from being awarded credit for acceptance of responsibility.

Hon. Sandra L. Townes
September 4, 2013
Page Four

18 U.S.C. § 3553(a).

Pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2nd Cir. 2005), the sentencing court has a duty to weigh and consider the history and characteristics of the defendant as well as the offense conduct and advisory guideline range in determining the appropriate sentence.

In this regard, it must be noted that Mr. Cortez-Granados' young age; the severity of the mandatory minimum sentence; his lack of prior criminal history; and the glaring absence of appropriate parental guidance, support, and care to which he has been exposed in life are all of particular significance. For these reasons, a sentence of no greater than fifteen years is a sufficient sentence for the defendant's crimes.

Thank you for your consideration.

Sincerely,

Robert A. Soloway

cc: AUSA Soumya Dayananda
RAS:sc