

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:SD
F. #2010R01769

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 13, 2013

<u>By Hand Delivery and ECF</u>
The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Angel Cortez-Granados</u>
            <u>Criminal Docket No. 11-657 (SLT)</u>

Dear Judge Townes:

    On March 2, 2012, the defendant Angel Cortez-Granados pleaded guilty pursuant to a plea agreement to count one of the above-captioned indictment, charging him with conspiring to commit sex-trafficking, in violation of 18 U.S.C. § 1591(a)(1). The defendant is scheduled to be sentenced by Your Honor on September 20, 2013.

    The government respectfully submits this response to the defendant's sentencing submission, dated September 4, 2013. The government has no objections to the Presentence Report ("PSR").

I.    <u>Factual Background</u>

    As the PSR describes in some detail, the defendant participated in a sex trafficking conspiracy from April 2006 to August 2011.  (PSR ¶¶ 3-18).  Specifically, in March 2006 while in Mexico, the defendant became romantically involved with 21 year-old Jane Doe #1.  (PSR ¶ 3).  Soon after, Jane Doe #1 and her three children from a previous relationship moved in with the defendant's family in Tenancingo, Mexico.  <u>Id</u>.  In May 2006, the defendant transported Jane Doe #1 from Mexico to the New York City area with the intent that she would engage in prostitution.

(PSR ¶ 4).  A week after her arrival to New York, the defendant insisted that Jane Doe #1 work as a prostitute.  When Jane Doe #1 refused, the defendant placed a knife to her throat and threatened that she would never see her children again if she did not engage in prostitution.  (PSR ¶ 3, 4).  Between 2006 and 2011, Jane Doe #1 worked for the defendant as a prostitute in the New York area, Massachusetts, Maryland, Virginia and North Carolina and provided the defendant her earnings.  (PSR ¶ 6).  Finally in April 2011, after securing the safety of her children, Jane Doe #1 escaped from the defendant.  (PSR ¶ 8).

In 2008, the defendant met 21 year-old Jane Doe #2 in Puebla, Mexico.  (PSR ¶ 9).  Similar to his conduct with Jane Doe #1, the defendant and Jane Doe #2 became romantically involved and she immediately moved in with the defendant's family in Tenancingo, Mexico.  Id.  In April 2010, the defendant smuggled Jane Doe #2 from Mexico to North Carolina with the intent that she would engage in prostitution.  (PSR ¶ 10).  A week after Jane Doe #2 arrived to North Carolina, the defendant insisted that she work as a prostitute.  (PSR ¶ 11).  When Jane Doe #2 refused, the defendant insisted that she had to work as a prostitute for "their future in Mexico" and for her own children.  Id.  Jane Doe #2 felt that she had no choice and worked for the defendant as a prostitute from April 2010 until September 2011. (PSR ¶ 12).

On September 20, 2011, as part of an ongoing investigation into the Granados Sex Trafficking organization, Homeland Security Investigation agents arrested the defendant in the Bronx, New York.  (PSR ¶ 2).  Soon after his arrest, the defendant repeatedly called Jane Doe #2 from prison and urged her not to cooperate with law enforcement.  (PSR ¶ 18).  In an effort to convince her not to testify, the defendant informed Jane Doe #2 that if she spoke to the government, he was "sunk."  Id.

In the plea agreement, the defendant's United States Sentencing Guidelines ("Guidelines") range was estimated to be 135 to 168 months' imprisonment.  See plea agreement ¶ 2.  The United States Probation Department, however, calculated that the applicable guidelines range is 188 to 135 months' imprisonment.  (PSR ¶ 51).  The disparity between the estimated Guidelines range in the plea agreement and the Guidelines calculation in the PSR is based on the fact that the PSR did not afford the defendant a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 because the defendant is subject to an enhancement for obstruction of justice.  The conduct underlying the obstruction of justice enhancement included the defendant's attempts to convince Jane Doe #2 to not testify.  That conduct is accounted for in the obstruction of justice enhancement reflected

in both the plea agreement and the PSR.  The government, however, concurs with the defendant that based on the facts of this case, he should not be disqualified from being afforded the downward adjustment for acceptance of responsibility.

II.  Discussion

The defendant argues that because he has limited education and was born into a culture of sex trafficking in Tenancingo, Mexico, he should be sentenced to the statutory minimum.  See Sentencing Memorandum, ("Memorandum") p. 1, September 4, 2013.  Pursuant to paragraph 5(b) of the plea agreement, the government takes no position with respect to where the defendant's sentence should fall within the Guidelines range determined by the Court.  Notably, however, none of the circumstances of the defendant's family, which include growing up in Tenancingo with a mother, father and siblings involved in sex trafficking, distinguish his offense from the typical case.  Indeed, the defendant is similarly situated to all defendants who engage in criminal activity, in part, out of financial necessity.  See, e.g., United States v. Vera Ramos, 296 Fed. Appx. 201, 203-04 (2d Cir. 2008) (affirming Guidelines sentence despite defendant's "'difficult upbringing' and 'very substantial family responsibilities'" and noting district court's observation that such circumstances are "almost universal" among defendants in similar cases).

Finally, the defendant's actions of trafficking two victims from Mexico to the United States with the intent to force them into prostitution and his use of violence merit a sentence that reflects the seriousness of the offense and deter criminal conduct.  See 18 U.S.C. § 3553(a).

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:   /s/
Soumya Dayananda
Assistant U.S. Attorney
(718) 254-7996

cc: Clerk of the Court (SLT)(By ECF)
    Robert A. Soloway, Esq. (By ECF)